NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE GILBERTO RAMOS-GUZMAN,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    14-72590

Agency No. A200-150-396

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2018[**]
Submission Vacated February 15, 2018
Resubmitted June 19, 2018
Seattle, Washington

Before:  FISHER, GOULD, and PAEZ, Circuit Judges.

Petitioner Jose Gilberto Ramos-Guzman, a native and citizen of El Salvador,

filed applications for asylum, withholding of removal, and Convention Against

Torture ("CAT") relief.  The IJ and BIA denied Ramos-Guzman all three forms of

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

relief. Ramos-Guzman appeals the IJ's and the BIA's determinations related to withholding of removal and CAT relief. We have jurisdiction to review this appeal pursuant to 8 U.S.C. § 1252, and we deny the petition.

Ramos-Guzman argues that the IJ erred by determining that he had not alleged membership in a particular social group under a recently clarified standard, and that the case should be remanded for the IJ to apply the new standard. Ramos-Guzman argues that the BIA erred by not conducting an individualized assessment of his alleged social groups. We need not remand for a determination by the IJ because the BIA applied the correct standard on an issue of law. *Reyes v. Lynch*, 842 F.3d 1125, 1140 (9th Cir. 2016) ("Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.") (internal quotations omitted); *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014) ("Whether a group constitutes a 'particular social group' is a question of law."). We review the BIA's determination *de novo*. *Pirir-Boc*, 750 F.3d at 1081.

Ramos-Guzman asserted two social groups: (1) students who refuse to participate in gang activity, and (2) young men who no longer have family in El Salvador. The BIA concluded that under recent BIA decisions, *Matter of M-E-V-G*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R*, 26 I. & N. Dec. 208 (BIA 2014), these social groups were not socially distinct or particular,

2

respectively.  The BIA did not err because "young men" is not sufficiently particular as to "provide a clear benchmark for determining who falls within the group." *See W-G-R*, 26 I. & N. Dec. at 214–15 (noting that a group of young working class urban males of military age had previously been found to lack particularity).  Further, Ramos-Guzman did not give evidence that El Salvadoran society has recognized students who refuse to participate in gang activity as a socially distinct group. *See M-E-V-G*, 26 I. & N. Dec. at 242 (clarifying that the social distinction inquiry is made from the point of view of society); 8 C.F.R. 1208.16(b) (placing the burden on the applicant).

Ramos-Guzman also contends that the IJ and BIA erred by denying him CAT relief because neither considered the aggregate risk of torture he might suffer if returned to El Salvador.  But even if the evidence Ramos-Guzman submitted could establish a likelihood of torture, the BIA correctly concluded that Ramos-Guzman had not established that the torture would be with government consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  The evidence Ramos-Guzman submitted showed that he had not sought the assistance of the government or a government official and, more importantly, that the government of El Salvador was attempting to rein in gang activity by jailing gang members and curbing corruption overall. The record does not compel the conclusion that the Government would be

3

"willfully blind," much less consent to, torture that Ramos-Guzman may face.

*Reyes*, 842 F.3d at 1140 ("[W]e uphold the BIA's determination unless the

evidence in the record compels a contrary conclusion.") (internal citations,

quotation marks, and formatting omitted); *see Cole v. Holder*, 659 F.3d 762, 771

(9th Cir. 2011).[1]

**PETITION DENIED.**

---

[1] Petitioner's Motion to Stay Proceedings and Hold Case in Abeyance Pending U Visa Petition Adjudication is DENIED.